**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Aamir P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.   22 C 50419 |
| v. ) | |
| ) | Hon. Margaret J. Schneider |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

It is this Court's Report and Recommendation to the District Court that the Commissioner's motion to dismiss (taken as a motion for summary judgment) [17], be granted. Any objection must be filed by July 6, 2023. Failure to object may constitute a waiver of objections on appeal. Fed. R. Civ. P. 72(b); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

**BACKGROUND**

Plaintiff Aamir P. ("Plaintiff") filed an application for Social Security disability insurance benefits and an application for supplemental security income under Titles II and XVI of the Social Security Act. On December 6, 2021, an administrative law judge ("ALJ") with the Social Security Administration ("Administration") denied Plaintiff's claims. *See* [17-1], pp. 8-22. Plaintiff sought review of this decision by the Appeals Council. On September 21, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id*. at pp. 28-30. Here, Plaintiff, *pro se*, seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). Now before the Court is Defendant's motion to dismiss Plaintiff's complaint [17]. Defendant's motion includes a Declaration of Christianne Voegele, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Social Security Administration [17-1]. Plaintiff was given until April 17, 2023, to file a response to the motion, but no response was filed at that time. On May 15, 2023, the Court, *sua sponte*, gave Plaintiff until June 14, 2023, to file a response, warning Plaintiff that if no response was filed, the Court would take up the Commissioner's motion without the benefit of a response brief [20]. No response was filed. Therefore, the Court issues this Report and Recommendation to the District Court on the arguments contained in the Defendant's motion.

1

## ANALYSIS

Defendant argues Plaintiff's complaint is untimely filed and, therefore, his action is barred. In support of her argument, Defendant notes the Appeals Council's September 21, 2022, letter to Plaintiff denying his request for review provided instruction on how to appeal the decision. Specifically, the letter states Plaintiff "may ask for court review of the Administrative Law Judge's decision by filing a civil action." The letter goes on to state "You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live." As to the time to file a civil action, the letter directs:

- You have 60 days to file a civil action (ask for court review).
- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reasons(s) in the request.

[17-1], pp. 29-30. *See also* 42 U.S.C. § 405(g); Section 205(g) of the Social Security Act; 20 C.F.R. § 404.981, 422.210(c). According to Voegele's Declaration, this notice (setting forth the time to appeal by way of a civil action in the United States District Court) was sent directly to Plaintiff at his home address (which is the same address Plaintiff provided when he filed this suit) [17-1], p. 3, and [5].

Plaintiff filed his civil action in this Court on December 6, 2022. Defendant argues Plaintiff's civil action is barred pursuant to 42 U.S.C. § 405(g). As directed by the statute, the Court assumes Plaintiff received his letter from the Appeals Counsel by September 26, 2022. The Court takes judicial notice that sixty days from September 26, 2022, is November 26, 2022. Even taking into account the Thanksgiving holiday (Thanksgiving falling on November 25, 2022), Plaintiff filed his civil complaint outside of the 60-day time period. Additionally, the Court accepts Ms. Voegele's declaration that she is not aware of Plaintiff making any requests for extensions of time to file a civil action. Additionally, Plaintiff has declined to respond to Defendant's motion to dismiss and the arguments contained therein.

Because the 60-day time period to appeal the ALJ's determination functions as a statute of limitation as opposed to a jurisdictional obstacle, Plaintiff's civil action is time barred due to his failure to file his civil action within the time frame specified by 42 U.S.C. § 405(g). *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) ("[W]hile the sixty-day requirement presents no jurisdictional obstacle, it acts as a statute of limitation. Since [plaintiff] had failed to file his civil action within the time frame specified by 42 U.S.C. § 405(g), his action for court review of the denial of benefits was time-barred.").

## **CONCLUSION**

For the above stated reasons, it is this Court's Report and Recommendation to the District Court that Defendant's motion to dismiss (taken as a motion for summary judgment) [17], be granted. Any objection may be filed by July 6, 2023. Failure to object may constitute a waiver of objections on appeal. Fed. R. Civ. P. 72(b); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date: 06/22/2023                ENTER:

*Margaret J. Schneider*
United States Magistrate Judge